[No. 28728-9-III.   Division Three.   January 27, 2011.]

*In the Matter of the Parenting and Support of* SAMANTHA BEACH ET AL.

SHAWN BEACH, *Appellant*, v. RACHELL JOHNSTON, *Respondent*.

---

*Matthew J. Dudley* and *Robin D. Andrews*, for appellant.

*Thomas N. Tremaine, Patrick F. Connelly*, and *Jacquelyn M. High-Edward* (of *Northwest Justice Project*), for respondent.

¶1  SWEENEY, J. — This is a custody dispute. The person seeking custody is the biological mother's ex-boyfriend. He claims standing as a "de facto" parent. The child's mother is an enrolled member of an Indian Tribe. We conclude that the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901-1963, applies, that a "de facto" parent has no standing to claim custody under ICWA, and that the superior court properly dismissed the petition. We therefore affirm.

## FACTS

¶2  Rachell Johnston is a member of the Northern Cheyenne Tribe. She began dating Shawn Beach in late 2002 or early 2003. Ms. Johnston was pregnant. She and Mr. Beach were living together when Ms. Johnston gave birth to Angel on April 23, 2003. The three of them lived together until Mr. Beach and Ms. Johnston separated in September 2006. Ms. Johnston then moved out; and Angel visited and stayed with Mr. Beach regularly until May 2007, when Angel was placed primarily with Mr. Beach.

¶3  Mr. Beach is not Angel's biological father. David Davis is alleged to be Angel's biological father but he has not acknowledged paternity nor has his paternity been established. Mr. Beach holds himself out as Angel's father. He assumed the obligations of parenthood for Angel without any expectation of financial compensation. Ms. Johnston encouraged a parent-child relationship between Mr. Beach and Angel, and their relationship was good.

¶4  In May 2007, Mr. Beach petitioned for primary residential placement of Angel as her "de facto" parent. He agreed in that petition that Mr. Davis could claim custody of or visitation rights to Angel.

¶5 The court denied Mr. Beach's petition in December 2009. It concluded that Angel is an Indian child, that therefore ICWA applied, and that placing Angel with Ms. Johnston would not damage Angel physically or emotionally. The court also concluded that "Mr. Beach is the de facto parent to Angel Johnston, but because the Indian Child Welfare Act applies he does not stand in parity with the biological parent, Ms. Johnston, and is not entitled to visitation." Clerk's Papers at 91. Mr. Beach appealed. And Ms. Johnston cross appealed the court's conclusion that Mr. Beach was Angel's "de facto" parent.

## DISCUSSION

■■ ¶6 We review the interpretation and the application of a statute de novo. *In re Dependency of D.F.-M.*, 157 Wn. App. 179, 187, 236 P.3d 961 (2010); *In re Custody of C.C.M.*, 149 Wn. App. 184, 194, 202 P.3d 971 (2009).

■■ ¶7 Mr. Beach may or may not meet the criteria for "de facto" parent, but we need not pass on that question because even if we assume his status as a "de facto" parent, ICWA applies. ICWA protects the stability and security of Indian tribes and families by establishing minimum federal standards for removing Indian children from their families. 25 U.S.C. § 1902. It applies to any child custody proceeding involving an Indian child. *In re Welfare of M.G.*, 148 Wn. App. 781, 787, 201 P.3d 354 (2009). A child custody proceeding includes foster care placement, which is "any action removing an Indian child from its parent . . . for temporary placement in . . . the home of a guardian . . . where the parent . . . cannot have the child returned upon demand, but where parental rights have not been terminated." 25 U.S.C. § 1903(1)(i). An " 'Indian child' means any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4). Angel is an Indian child. So ICWA applies here.

¶8 ICWA does not apply to custody proceedings between parents. 25 U.S.C. § 1903(1). But a "parent" is "any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child, including adoptions under tribal law or custom. It does not include the unwed father where paternity has not been acknowledged or established." 25 U.S.C. § 1903(9). Mr. Beach is not Angel's biological or adoptive parent. The dispute here is not then an action between parents, by definition. And it is not, therefore, exempt from ICWA's requirements.

¶9 Foster care placement may be ordered only if a court concludes that continued custody of the child by the child's parent is likely to cause serious emotional or physical damage to the child. 25 U.S.C. § 1912(e). Mr. Beach does not meet this standard nor does he challenge the court's conclusion that placement with Ms. Johnston will cause serious emotional or physical damage. He would not, however, have preference for placement of Angel, in any event. A child accepted for foster care placement will be placed with a member of the Indian child's extended family, a tribe-approved foster home, an Indian foster home, or an institution for children. 25 U.S.C. § 1915(b). A child's "extended family member" is a "person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." 25 U.S.C. § 1903(2). Mr. Beach is an ex-boyfriend. He is not a member of Angel's extended family, nor does he fit any of the other preferred placements.

¶10 Mr. Beach argues that the trial court should have refused to apply ICWA by invoking the "existing Indian family" exception. He asserts that "[t]he presence of an 'existing Indian family' is a factual predicate to the application of ICWA and in this case, there was no existing Indian family." Appellant's Br. at 26. For support, he relies on *In re Adoption of Crews*, 118 Wn.2d 561, 825 P.2d 305 (1992). But *Crews* is factually distinguishable from this case and has been superseded by statute.

¶11 In *Crews*, the Supreme Court held that ICWA did not apply to a custody action under chapter 26.33 RCW because "an Indian child is not being removed from an Indian cultural setting, the natural parents have no substantive ties to a specific tribe, and neither the parents nor their families have resided or plan to reside within a tribal reservation. In such a situation, whether or when a child meets the definition of 'Indian child' under ICWA is not controlling." 118 Wn.2d at 571. The legislature overruled the *Crews* standard by revising former RCW 26.33.040(1) (1991) in 2004. LAWS OF 2004, ch. 64, § 2. That section now provides that ICWA applies if the child involved is an "Indian child" as defined under ICWA:

> Every petition filed in proceedings under this chapter shall contain a statement alleging whether the child is or may be an Indian child as defined in 25 U.S.C. Sec. 1903. *If the child is an Indian child* as defined under the Indian child welfare act, *the provisions of the act shall apply*.

RCW 26.33.040(1)(a) (emphasis added).

¶12 So an Indian child's or her parent's physical, substantive, or cultural tie to a tribe is now irrelevant as to whether ICWA applies. Washington no longer recognizes the "existing Indian family" exception.

¶13 Mr. Beach next argues that ICWA is unconstitutional as applied here. Whether a statute violates the constitution is an issue of law that we will review de novo. *In re Parentage of C.A.M.A.*, 154 Wn.2d 52, 57, 109 P.3d 405 (2005).

¶14 Mr. Beach contends that the application of ICWA in this case violates the Fifth, Tenth, and Fourteenth Amendments to the United States Constitution. He specifically argues that ICWA, as applied here, impermissibly intrudes on a power traditionally reserved to the states (jurisdiction over family matters), deprives Angel of equal protection of law, and violates her substantive due process right to a stable and permanent home.

¶15 A litigant generally does not have standing to challenge a law in order to vindicate the constitutional

rights of a third party. *Singleton v. Wulff*, 428 U.S. 106, 114, 96 S. Ct. 2868, 49 L. Ed. 2d 826 (1976). Standing is permitted, however, if the litigant can show he has suffered actual injury, he has a close relationship to the third party, and his ability to protect his own interests is somehow impaired. *Mearns v. Scharbach*, 103 Wn. App. 498, 512, 12 P.3d 1048 (2000). Viewing the record in a light most favorable to Mr. Beach, he may have third-party standing. He has lost custody of the third party (Angel), whom he considers to be his daughter. And his ability to protect his interest in their ongoing relationship is impaired by the fact that he is not her legal parent or guardian. Mr. Beach's constitutional contentions, however, fail regardless of whether he has standing or not.

¶16 Congress has plenary power to regulate Indian affairs under article I, section 8, clause 3 of the United States Constitution. *United States v. Lomayaoma*, 86 F.3d 142, 145 (9th Cir. 1996). The principles underlying that power are distinct from the principles that govern federal regulation of interstate commerce. *Id.* In other words, Congress's power to regulate Indian affairs is not limited to activities that substantially affect interstate commerce. *Id.* ICWA governs Indian affairs, specifically Indian family and tribal relations. The measure was appropriately enacted to protect and advance tribes because "the States, exercising their recognized jurisdiction over Indian child custody proceedings through administrative and judicial bodies, have often failed to recognize the essential tribal relations of Indian people and the cultural and social standards prevailing in Indian communities and families." 25 U.S.C. § 1901(5). Congress, then, did not exceed its power under the commerce clause by enacting ICWA.

¶17 Moreover, ICWA does not deny Angel equal protection or substantive due process. A child has no fundamental constitutional right to a stable and permanent home. *In re N.B.*, 199 P.3d 16, 23 (Colo. App. 2007); *In re Baby Boy C.*, 27 A.D.3d 34, 50-51, 805 N.Y.S.2d 313 (2005); *In re A.B.*, 2003 ND 98, 663 N.W.2d 625, 635-36. And "[t]he

United States Supreme Court has consistently rejected claims that laws that treat Indians as a distinct class violate equal protection." *In re Angus*, 60 Or. App. 546, 554, 655 P.2d 208 (1982). Indians are granted preferences under ICWA, not because of their race, but because of their membership in quasi-sovereign tribal entities. *Id.* at 555. ICWA does not violate due process. *N.B.*, 199 P.3d at 23; *Baby Boy C.*, 27 A.D.3d at 51; *A.B.*, 663 N.W.2d at 636. Nor does it violate equal protection because ICWA is rationally related to Congress's obligation to protect and advance the Indian family and tribal relations. *Angus*, 60 Or. App. at 555-56.

¶18 We affirm the judgment of the trial court.

KULIK, C.J., and BROWN, J., concur.